UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 6:03-cr-00703-GRA |
| v. | C/A No. 6:05-1408-GRA |
| Rene Valladares, | ORDER |
| Movant. | (Written Opinion) |

This matter is before this Court on Movant's motion for relief pursuant to 28 U.S.C. § 2255. Movant claims ineffective assistance of counsel and asked this Court to reinstate his right to a direct appeal. Movant claims that his attorney failed to file a direct appeal when he informed Petitioner that he would. He further claims that the government breached the terms of the plea agreement, that Movant would plea to 50 grams of cocaine base for a base level of 32, that the government violated the plea agreement as to the Movant's role in the conspiracy, that the District Court erred by not giving Movant his third point for acceptance of responsibility and counsel was ineffective for not raising these claims on appeal.

Movant is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364,

1

365 (1982).

On February 12, 2004, Movant, represented by counsel, pled guilty to counts one, ten, eleven, and twelve of a twenty-six count Superseding Indictment before this Court. Count one charged the Movant with conspiracy to possess with intent to distribute and distribution of five kilograms or more of cocaine and fifty grams or more of cocaine base and one hundred kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Counts ten, eleven and twelve charged him with entering into a telephone conversation using a communication facility to facilitate the commission of a felony, specifically possession with the intent to distribute a controlled substance and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and 2. On May 12, 2004, Movant was sentenced to three hundred sixty months imprisonment and five years of supervised release. Movant filed a Notice of Appeal, *pro se*, with the Fourth Circuit Court of Appeals on February 11, 2005, but that appeal was dismissed on May 3, 2005 for failure to prosecute.

Movant filed the instant §2255 petition on May 13, 2005. This Court ordered the government to respond to the motion by Order filed May 26, 2005. This Court then granted the government an extension of time to answer or plead until 30 days after the receipt of the transcripts by Order filed on June 10, 2005. The government's response and summary judgment motion was filed August 30, 2005. On September 16, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed

to respond adequately. The Movant filed a response to the government's motion for summary judgment on September 19, 2005.

The Movant's first claim for relief states that his attorney failed to file a direct appeal when he informed Petitioner that he would. Further, Movant's fifth claim alleges counsel was ineffective for failing to raise these claims on appeal. Movant claims ineffective assistance of counsel and asks this Court to reinstate his right to a direct appeal.  This alleged failure would constitute ineffective assistance of counsel, even though the lost appeal may not have had a reasonable probability of success. *See United States v. Peak*, 992 F.2d 39 (4th Cir. 1993).  In such cases, this Court has the authority to vacate Movant's sentence and immediately reimpose and reinstate his judgement of conviction.  *Id.* at 42. The government concurs with Movant's claim. Therefore this action will allow Movant to take a timely appeal of his sentence pursuant to Federal Rule of Appellate Procedure 40(b) and (c).

Movant's second and third claims for relief allege that the government breached the terms of the plea agreement, that Movant would plea to 50 grams of cocaine base for a base level of 32, and that the government violated the plea agreement as to the Movant's role in the conspiracy.

The record reveals that the written plea agreement states that the Movant would enter a plea to Count one of the Indictment, which charged him with five kilograms or more of cocaine and fifty grams or more of cocaine base. The attorney for the government stated on the record that there was no agreement outside of

3

what was stated in court. (Sent. Tr. 4). Furthermore, the record indicates the Movant was well aware that there was no guarantee as to any sentence. At the plea hearing, the government's attorney explained the terms of the plea agreement, including that the Movant "understands that sentencing is within the sole discretion of the court." The court then asked Movant if the government had accurately summarized the terms of the plea agreement, to which Movant replied in the affirmative. (Plea Tr. 25). There is no evidence in the record that the government agreed to limiting Movant's role in the offense. The Movant confirmed that no one had induced, threatened or forced him to plead guilty or promised him what his sentence would be. (Plea Tr. 22, 29).

A defendant who states at a plea hearing that no one made any promises to cause him to plead guilty is bound by his statements in the absence of clear and convincing evidence to the contrary. *Little v. Allsbrook*, 731 F.2d 238, 239 (4th Cir. 1984). The Fourth Circuit attaches "considerable importance" to the procedural dialogue, and does not view the oath taken by the defendant as an empty gesture. *Id.* at n. 3. The Movant has provided no justification for the Court to depart from the position the Fourth Circuit has taken with regard to guilty pleas. Consequently, the Movant's second and third claims are without merit and he will not be allowed to repudiate his sentence.

Movant's fourth claim for relief contends that the District Court erred by not giving him a three point reduction for acceptance of responsibility. The record in this

4

case shows that the Movant received a two-point reduction for acceptance of responsibility. (Sent. Tr. 9-10). However, because he did not enter a timely plea he did not receive the third point. (See PSR p. 29, ¶ 110).

Effective April 30, 2003, the provisions for acceptance of responsibility were amended such that a third point for acceptance was applicable only upon motion of the government. U. S. S. G. § 3E1. 1 (April 30, 2003 Supplement). Here, based on the record before this Court, the government never moved or otherwise agreed that defendant was entitled to a third point off for acceptance of responsibility. Therefore the Movant's fourth claim is without merit.

IT IS THEREFORE ORDERED that Movant's sentence be VACATED and his judgement of conviction be IMMEDIATELY REIMPOSED and REINSTATED, with the same date of imposition of judgment, so that he can file a timely appeal.

IT IS FURTHER ORDERED that Movant's remaining claims be DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

October 4, 2005.

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure

5

to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.